IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROSEMARY NIETO, o.b.o.**
**JEREMIAS J. NIETO, III,**

    Plaintiff,

vs.                                                         Civ. No. 98-1115 LH\LCS

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand For a Rehearing, filed on May 7, 1999. The Commissioner denied Plaintiff's request for disability benefits. Plaintiff alleges a disability due to learning disability, verbal problems, memory problems and behavioral problems.

2. The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the

1

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. *Id*. (citation omitted).

4. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id*. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine a child's disability, the Commissioner has established a three-step sequential evaluation process. See 20 C.F.R. Sec. 416.924. The steps of the sequential evaluation process are:

    i. Is the child engaged in any substantial gainful activity?

    ii. Does the child have a medically determinable impairment that has more than a minimal impact on the child's functioning?

    iii. Does this impairment meet or equal a listed impairment, either medically or functionally?

5. The first two steps of the sequential evaluation process are not at issue in this case. Because the listed impairment at issue in this case is l12.02, the burden on the plaintiff at step three is to establish that he has either a.) an extreme limitation in one area of functioning, or b.) marked limitation in two areas of development or functioning. The six areas of development or functioning are:

    i. cognition/communication

    ii. motor

    iii. social

  iv. responsiveness to stimulii

  v. personal

  vi. concentration, persistence or pace.

 6. The Plaintiff argues first that the ALJ erred by not supporting with substantial evidence his findings that the Plaintiff's limitation in the cognitive/communication area is "moderate" rather than "marked". He then contends that the ALJ erred by not supporting with substantial evidence his finding that Plaintiff's limitation in the concentration, persistence and pace area was "less than moderate" rather than "marked".

 7. Standardized test scores of more than two standard deviations from the mean establish a marked impairment in cognitive function. 20 C.F.R. Sec. 416.926a(3)(1998). In the present case, Plaintiff's Individualized Education Program ("IEP")showed standardized test scores of more than 2 standard deviations below the mean in reading and writing, and exactly two standard deviations below the mean in mathematics. While his I.Q. test was slightly less than two standard deviations below the mean, the combination of these scores is sufficient to establish a marked impairment in the area of cognition/communication.

 8. However, in the area of concentration, persistence and pace, the evidence is more equivocal. While the IEP, which was compiled in 1994, states that Plaintiff has "significant deficits on visual-motor integration, auditory memory and processing speed tests", Plaintiff's teacher stated in April of 1995 that he had only "a small problem" with completing tasks, concentrating or with distractibility. The next month, she noted that he had "no problem" completing tasks. Because under 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 112.00(C)(3), teacher evaluations are considered relevant evidence in evaluating the severity of the child's limitation in

3

the area of concentration, persistence and pace, I propose finding that the ALJ's determination that Plaintiff's limitation in this area is "less than moderate" is supported by substantial evidence.

9. As Plaintiff must establish a marked limitation in two areas of functioning in order to meet the third step of the sequential disability evaluation, and substantial evidence in the record supports a finding of such severity as to only one area of functioning, I propose finding that the ALJ's determination that Plaintiff is not disabled should not be disturbed.

Recommended Disposition

I recommend denying Plaintiff's Motion to Reverse and Remand for a Rehearing. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge